PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DERRICK A. FISCHER, | ) | |
| | ) | CASE NO. 5:26-cv-1692 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SUMMIT COUNTY SHERIFF'S OFFICE, *et al.*, | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## I. Background

*Pro se* Plaintiff Derrick Fischer, an Ohio inmate currently incarcerated at the Noble Correctional Institution, has filed a civil rights complaint under 42 U.S.C. § 1983 against the Summit County Sheriff's Office and the Summit County Jail. ECF No. 1. He seeks to impose liability on Defendants because "they failed to protect [him] from an attack by another inmate and or failed to intervene in an ongoing attack" on him during his detention in the Summit Country Jail in violation of his rights under the Eighth Amendment. ECF No. 1 at PageID #: 2. He seeks $1,000,000 in damages. ECF No. 1-1 at PageID #: 10. He requests *in forma pauperis* status. ECF No. 2.

## II. Standard of Review and Discussion

Plaintiff's complaint is subject to review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(a) because Plaintiff seeks *in forma pauperis* status and redress from governmental entities. Those

statutes require district courts to review all *in forma pauperis* complaints filed in federal court, and any complaint in which a prisoner seeks redress from a governmental entity, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

To survive dismissal for failure to state a claim under § 1915(e)(2)(B), a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 470–71 (holding that dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissal for failure to state a claim under §§ 1915(e)(2)(B) and 1915(a)). A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Court finds that Plaintiff's complaint warrants dismissal pursuant to §§ 1915(e)(2)(B) and 1915(a).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). Neither Defendant that Plaintiff sues in this case is a person subject to being sued under § 1983. *See e.g., Carmichael v. City of Cleveland*, 571 F.App'x 426, 435 (6th Cir. 2014) (finding "under Ohio law, a county sheriff's office is not a legal entity that is capable being sued"); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (finding that under Ohio law, a county sheriff's office is not a legal

entity capable of being sued for purposes of § 1983) (abrogation on other grounds recognized by *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017))

Additionally, even if Plaintiff's complaint were construed as against Summit County itself, the local government that operates the Summit County Sheriff's Office and County Jail, his complaint would still be subject to dismissal. Local governmental entities, like Summit County, cannot be held liable under §1983 solely for acts of their employees and agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under § 1983] solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Rather, to hold a local government liable under § 1983, a plaintiff must demonstrate that an official policy, custom, or practice of the government itself caused a violation of his constitutional rights. *See D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014). Plaintiff's complaint does not set forth facts plausibly suggesting that his federal constitutional rights were violated by an official policy, custom, or practice of Summit County.

For all the foregoing reasons, Plaintiff has failed to state any plausible non-speculative claim under § 1983 upon which he may be granted relief.

## III. Conclusion

Accordingly, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and1915(a). The Court further certifies, pursuant to 28 U.S.C. § 1913(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

September 25, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge